John A. Furutani [SBN 161757]
Mark C. Peters [SBN 160611]
FURUTANI & PETERS, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
Telephone: (626) 844-2437
Facsimile: (626) 844-2442
E-mail: JAFurutani@furutani-peters.com

Attorneys for Plaintiff
Michael Marlo

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Marlo,<br><br>    Plaintiff,<br><br>v.<br><br>United Parcel Service, Inc., and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. CV 03-4336 DDP (RZx)<br><br>**NOTICE OF MOTION AND MOTION TO PROCEED AGAINST SURETY PURSUANT TO FRCP 65.1, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION PURSUANT TO LOCAL RULE 65-8**<br><br>Date:     June 20, 2011<br>Time:    10:00 a.m.<br>Crtrm:   3<br>Judge:   Hon. Dean D. Pregerson |

- 1 -
MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION

TO THE COURT, THE CLERK OF THE COURT (ON BEHALF OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, SURETY OF RECORD HEREIN, PURSUANT TO FRCP RULE 65.1) ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on Monday, June 20, 2011, at 10:00 a.m. in Courtroom 3 of the above-entitled court, located at 312 N. Spring Street, Second Floor, Los Angeles, CA 90012, plaintiff will, and hereby does move this Court for an Order directing the surety in this matter to execute and make payment upon Bond Nos. 105308074 and 105308075, in satisfaction of the following judgments and orders:

- Judgment entered July 2, 2009
- Attorneys' Fee Order entered August 12, 2009
- Bill of Costs entered September 17, 2009

This motion is based upon the Notice of Motion and Motion herein and the Declaration of Mark C. Peters in support of this motion and papers attached thereto, all pleadings, papers and records on file in this action, and oral argument and any evidence presented at the hearing.

RESPECTFULLY SUBMITTED.

Dated:  May 23, 2011              FUTURANI & PETERS, LLP


                                  By:____/s/_____
                                       Mark C. Peters
                                  Attorneys for Plaintiff
                                  Michael Marlo

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

The Court is aware of the lengthy procedural history of this case, so Plaintiff will refrain from repeating it in any detail. However, for ease of reference Plaintiff highlights the relevant events for purposes of this motion.

### A. PLAINTIFF PREVAILS AT TRIAL AND ON POST-TRIAL MOTIONS

After five years of litigation as a class action, the Court decertified the class on May 19, 2008. This case commenced trial on Plaintiff Michael Marlo's resulting individual action on May 5, 2009. The trial lasted nine days, and after three days of deliberations the jury returned a verdict in favor of Plaintiff on two of three positions in dispute (i.e. hub and preload full time supervisor positions). The Court then found for Plaintiff on an additional year pursuant to California's Unfair Competition law (i.e. Bus. & Prof. Code §17200 et seq.).

As a result of the foregoing, the Court entered the following:

- Judgment in favor of Plaintiff in the amount of $249,433.85, entered on July 2, 2009 (Docket No. 924);
- Order awarding attorneys' fees in the amount of $1,176,710.50 entered on August 12, 2009 (Docket No. 970);
- Bill of Costs in the amount of $20,075.18 entered on September 17, 2009 (Docket No. 982).

See Par. 2 of the Declaration of Mark C. Peters (Peters Decl.), filed herewith.

### B. UPS APPEALS AND POSTS TWO SUPERSEDEAS BONDS

Both parties then filed appeals with the Ninth Circuit. In order to prevent Plaintiff from executing on the aforementioned judgments, UPS posted two supersedeas bonds. The bonds were for $374,151.00 and $1,795,179.00 in order to cover the judgment in favor of Mr. Marlo and the award of attorneys' fees and costs, respectively. See Exhibits A & B to Peters Decl.

### C. THE NINTH CIRCUIT RULES

On April 28, 2011, the Ninth Circuit issued its ruling, upholding the verdict and judgment in favor of Plaintiff Michael Marlo, as well as the award of attorneys' fees and costs entered by this Court following the trial of this matter. See Exhibit C to Peters Decl. The Ninth Circuit also upheld (in a separate opinion) this Court's decertification of the class. Neither party intends to seek review or appeal of either opinion issued by the Ninth Circuit in this matter. On May 20, 2011, the Ninth Circuit issued Mandate. See Exhibit D to Peters Decl.

### D. THE PARTIES HAVE AGREED ON THE INTEREST DUE ON THE OUTSTANDING JUDGMENTS AND ORDERS

The parties commenced direct communications regarding resolution of the outstanding judgments and orders on May 6, 2011. At that time, UPS indicated it wished to pay the judgments and would do so pending the parties' agreement on the interest amounts due on each. The parties have continued to communicate, although UPS' consistent delays in agreeing to a payment date and attempts to secure terms for payment have necessitated this motion. See Exhibit H to Peters Decl.

On May 15, 2011, Plaintiff agreed to the interest calculations prepared by UPS. Although Plaintiff had originally prepared interest calculations in a table (showing daily amounts due) UPS utilized the same table, with slightly modified

interest calculations.  Plaintiff agreed to UPS' calculations in order to expedite payment.  See Exhibits E, F & G to Peters Decl.  While UPS asserts it will pay the judgments in this matter on June 3rd, the company's dilatory tactics and excuses for delays in making payment have caused this motion to become necessary.  See Paragraphs 10-14 of Peters Decl.

## II.   THE SURETY SHOULD BE ORDERED TO PAY ON THE BONDS IN THE AMOUNTS AGREED TO BY THE PARTIES

Pursuant to FRCP Rule 65.1 and/or Local Rule 65-8, the Court should order payment by the surety (Travelers Casualty and Surety Company of America) on the following bonds:

1.   The Undertaking for Stay of Execution of Money Judgment Pending Appeal designated as Bond No. 105308074, executed on October 9, 2009, posted by Defendant on October 16, 2009, approved by the Court on November 30, 2009, and filed by the Court on December 4, 2009 (Docket No. 991) in the amount of $374,151.00. (See Exhibit A to Peters Decl.)

2.   The Undertaking for Stay of Execution of Money Judgment Pending Appeal designated as Bond No. 105308075, executed on October 9, 2009, posted by Defendant on October 16, 2009, approved by the Court on November 30, 2009, and filed by the Court on December 4, 2009 (Docket No. 990) in the amount of $1,795,179.00. (See Exhibit B to Peters Decl.)

The parties have agreed upon the amounts due under each judgment and order entered in this matter.  Attached to the Peters Decl. filed herewith are the charts indicating the agreed upon amounts, which will allow the Court to ascertain the exact amount to be paid depending on the due date set by the Court for payment.

MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION

Plaintiff requests the Court order payment by the Surety on or before June 27, 2011. Accordingly, the following amounts should be awarded to be paid on or before June 27, 2011:

- On Bond No. 105308074:
  - Judgment entered July 2, 2009: $251,913.47

- On Bond No. 105308075:
  - Attorneys' Fee Order entered August 12, 2009: $1,187,522.83
  - Bill of Costs entered September 17, 2009: $20,217.96

If the Court determines, at the time of the hearing on this matter or before, that some other date will be ordered for payment, Plaintiff respectfully requests the Court enter said judgment immediately. The attached interest calculations (i.e. Exhibits E, F & G to the Peters Decl.) provide the exact interest calculations for payments made on any given date through July 31, 2011.

RESPECTFULLY SUBMITTED.

Dated: May 23, 2011     FURUTANI & PETERS, LLP

By:____/s/_____
        Mark C. Peters
        Attorneys for Plaintiff
        Michael Marlo

- 6 -
MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION