UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MARLO, an individual, | No. 09-56196 |
| Plaintiff - Appellee, | D.C. No. 2:03-cv-04336-DDP-RZ |
| v. | U.S. District Court for Central California, Los Angeles |
| UNITED PARCEL SERVICE, INC., a corporation, | MANDATE |
| Defendant - Appellant. | |



RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 20 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| MICHAEL MARLO, an individual, | No. 09-56206 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-04336-DDP-RZ |
| v. | U.S. District Court for Central California, Los Angeles |
| UNITED PARCEL SERVICE, INC., a corporation, | |
| Defendant - Appellee. | |

The judgment of this Court, entered April 28, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Lee-Ann Collins
Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL MARLO, an individual,
    *Plaintiff-Appellee,*

    v.

UNITED PARCEL SERVICE, INC., a
corporation,
    *Defendant-Appellant.*

No. 09-56196
D.C. No.
2:03-cv-04336-
DDP-RZ

MICHAEL MARLO, an individual,
    *Plaintiff-Appellant,*

    v.

UNITED PARCEL SERVICE, INC., a
corporation,
    *Defendant-Appellee.*

No. 09-56206
D.C. No.
2:03-cv-04336-
DDP-RZ

MICHAEL MARLO, an individual,
    *Plaintiff-Appellee,*

    v.

UNITED PARCEL SERVICE, INC., a
corporation,
    *Defendant-Appellant.*

No. 09-56451
D.C. No.
2:03-cv-04336-
DDP-RZ

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
November 4, 2010—Pasadena, California

5541

Filed April 28, 2011

Before: Johnnie B. Rawlinson and Milan D. Smith, Jr.,
Circuit Judges, and Robert C. Jones,* District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

*The Honorable Robert C. Jones, United States District Judge for the
District of Nevada, sitting by designation.

## COUNSEL

M. Kirby C. Wilcox and Paul W. Cane, Paul, Hastings, Janofsky and Walker, LLP, San Francisco, California, George W. Abele, and Jennifer S. Baldocchi, Paul, Hastings, Janofsky and Walker, LLP, Los Angeles, California, for the defendant-appellant.

John A. Furutani and Mark C. Peters, Furutani and Peters, LLP, Pasadena, California, for the plaintiff-appellee.

## OPINION

M. SMITH, Circuit Judge:

Plaintiff-Appellee Michael Marlo and Defendant-Appellant United Parcel Service, Inc. (UPS) appeal or cross-appeal from a jury verdict awarding Marlo unpaid overtime, meal, and rest-period wages. UPS classified Marlo as an executive and administrative employee under California's Industrial Welfare Commission (IWC) Wage Order No. 9, Cal. Code Regs. tit.

8, § 11090 (2005), thereby purporting to exempt him from the California Labor Code's overtime-pay requirements. *See* Cal. Lab. Code § 515(a). The district court initially certified a class comprised of full-time supervisors employed by UPS from 2000 to 2004, and appointed Marlo class representative. In 2008, however, the court decertified the class on the ground that Marlo had failed to establish that common issues of law or fact predominated over individual ones. *See* Fed. R. Civ. P. 23(b)(3).

We have jurisdiction under 28 U.S.C. § 1291. We hold that the district court did not abuse its discretion in decertifying the class. We address the remaining issues in a memorandum disposition filed contemporaneously with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

From May 6, 1999, through November 12, 2008, Marlo worked for UPS as a hub supervisor, preload supervisor, and on-road supervisor (collectively, full-time supervisor or FTS). During that time, Marlo worked more than forty hours per week on a regular basis without taking meal or rest-period breaks, or receiving overtime compensation. As a hub supervisor, Marlo supervised hourly employees and part-time supervisors engaged in unloading, sorting, and loading packages. His duties included assigning employees tasks within their defined work areas, providing training to ensure safety and efficiency, monitoring employees' performance, and coordinating delivery times and volume. As a preload supervisor, Marlo supervised and trained hourly employees and part-time supervisors loading packages onto cars for delivery. As an on-road supervisor, Marlo supervised employees delivering packages.

Marlo filed suit against UPS on May 6, 2003. On June 10, 2004, the district court certified a class under Federal Rule of Civil Procedure 23 and appointed Marlo class representative. In its class-certification order, the district court determined

that Marlo "demonstrated that the job duties as set forth by
UPS are similar with regard to the proposed class, and that
UPS applies an overtime exemption policy to the proposed
class based on their job titles." The district court concluded
that a class action was a superior method for adjudicating the
controversy because "Full Time Supervisors, especially those
still employed at UPS, may fear reprisal, precluding them
from filing individual actions[,] . . . and because of the large
volume of individual actions that might proceed . . . if the
claims were adjudicated individually." The class consisted of
FTS employed by UPS from 2000 to 2004.

The district court granted summary judgment in UPS's
favor on August 22, 2005. Marlo appealed, and we reversed
and remanded, concluding that "Marlo has raised material
issues of fact related to whether the FTS 'customarily and reg-
ularly exercise[ ] discretion and independent judgment.' "
*Marlo v. United Parcel Serv., Inc.*, 254 Fed. App'x. 568, 568
(9th Cir. 2007) (citing Cal. Code Regs. tit. 8
§ 11090(1)(A)(1)(d)).

On remand, the district court decertified the class. *See
Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476 (C.D. Cal.
2008). The court noted that its concern about the class-wide
applicability of the evidence "has ripened into doubt regard-
ing the continuing efficacy of a class action in this case." *Id.*
at 480. Noting that "[a]s a general rule, this Court does not
consider decertification necessary," *id.* at 488, it nonetheless
concluded that Marlo had not established predominance, not-
ing that the existence of a uniform policy classifying FTS as
exempt is insufficient absent evidence of misclassification; *id.*
at 484; that Marlo had relied heavily on a survey that was nei-
ther reliable nor representative of the class, *id.* at 485-86; and
that his remaining evidence similarly was not representative
of the class and did not address the "primarily engaged" ele-
ment of the exemptions under IWC Wage Order No. 9, *id.* at
486-87. The court concluded:

> Plaintiff's evidence is essentially individual testimony and an exemption policy. Under the circumstances in this case, where Plaintiff alleges that 1200 FTS have been misclassified as exempt employees, Plaintiff had to provide common evidence to support extrapolation from individual experiences to a class-wide judgment that is not merely speculative. Plaintiff has not come forward with common proof sufficient to allow a fact-finder to make a class-wide judgment as to the FTS.

*Id.* at 486. Moreover, "[a]s the Court has found that individual issues predominate in this case, a class action is not the superior method for litigating this matter." *Id.* at 487. The court certified the issue for interlocutory appeal and stayed the action pending appeal. *Id.* at 488. We declined to hear the interlocutory appeal.

Following a nine-day trial and three days of deliberations, the jury returned a partial verdict for Marlo. The jury found, in relevant part, that during the period when Marlo was a hub supervisor, UPS had satisfied neither the executive nor administrative exemption in IWC Wage Order No. 9. The jury similarly found that during the period when Marlo was a preload supervisor, UPS had satisfied neither the executive nor administrative exemption. As to Marlo's work as an on-road supervisor, however, it found that UPS had satisfied each element of the executive exemption. It therefore awarded Marlo unpaid overtime, meal, and rest-period wages for the times when he worked as a hub and preload supervisor.

Following trial, the district court denied UPS's motions for judgment as a matter of law and a new trial, and granted Marlo's motions for restitution and attorneys' fees. UPS timely appeals, and Marlo timely cross-appeals.

## DISCUSSION

Marlo contends that the district court erred in determining that he failed to establish the "predominance" element of Rule

23(b)(3), and, as a result, decertifying the class. We review a district court's class-certification decision for an abuse of discretion. *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010). "If the district court's determination was premised on a legal error, we will find a per se abuse of discretion." *Id.* We hold that the district court did not err.

To maintain a class action, a plaintiff must demonstrate numerosity, commonality, typicality, and adequate representation of the class interest. Fed. R. Civ. P. 23(a). In addition to those requirements, Rule 23(b) provides that a class may be maintained, *inter alia*, if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

[1] The district court determined that Marlo had failed to provide common proof that FTS class members were engaged

in nonexempt work. IWC Wage Order No. 9, which regulates wages, hours, and working conditions in California's transportation industry, exempts from overtime-pay requirements "persons employed in administrative, executive, or professional capacities." Cal. Code Regs. tit. 8, § 11090(1)(A); *see also* Cal. Lab. Code § 515(a) ("The Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid . . . for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment."). As relevant here, the executive exemption applies to any employee:

> (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and
>
> (b) Who customarily and regularly directs the work of two or more other employees therein; and
>
> (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
>
> (d) Who customarily and regularly exercises discretion and independent judgment; and
>
> (e) Who is primarily engaged in duties which meet the test of the exemption.

Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(a)-(e). The administrative exemption applies to any employee:

(a) Whose duties and responsibilities involve . . . :

> (i) The performance of office or non-manual work directly related to management policies or general business operations of his employer or his/her employer's customers;
>
> . . . and . . .

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity . . . ; or

(d) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; or

(e) Who executes under only general supervision special assignments and tasks; and

(f) Who is primarily engaged in duties that meet the test of the exemption.

Cal. Code Regs. tit. 8 § 11090(1)(A)(2)(a)-(f).

[2] As an initial matter, Marlo contends that the district court improperly shifted the burden to him in finding that he had failed to prove misclassification on a class-wide basis. That contention, however, conflates the burden borne by the employer concerning the merits with the burden borne by the employee concerning class certification. Under California law, an employer bears the burden of demonstrating that an employee is exempt from the Labor Code's overtime requirements. *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr.

2d 221, 225-26 (Cal. Ct. App. 1995). Accordingly, UPS would bear the burden of proving on the merits that Marlo or other class members were not misclassified as exempt under California law. However, Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law. *See Shady Grove Orthopedic Assocs., P.A., v. Allstate Ins. Co.*, 130 S.Ct. 1431, 1437 (2010) (stating that if Rule 23 answers the question in dispute, "it governs—[state] law notwithstanding . . . . The question in dispute is whether [the plaintiff's] suit may proceed as a class action. Rule 23 provides an answer." (citations omitted)). Thus, as to the class-decertification issue, Marlo, as "[t]he party seeking class certification[,] bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met." *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010).

The district court's order decertifying the class recognized that distinction. It evaluated whether "questions of law or fact common to class members predominate over any questions affecting only individual members, and [whether] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The court concluded, "Because [Marlo] has brought a class action challenging UPS's exemption of FTS as a policy of misclassification, [he] must be 'able to demonstrate pursuant to either scenario that misclassification was the rule rather than the exception. . . .' " *Marlo*, 251 F.R.D. at 482 (citation omitted). The district court therefore properly placed the burden on Marlo to demonstrate that Rule 23's class-certification requirements had been met.

[3] Marlo also argues that the court abused its discretion in decertifying the class because he failed to establish the "predominance" element of Federal Rule of Civil Procedure 23(b)(3). In its order, the district court first noted changes that had occurred since its certification order, and concluded, "Plaintiff has not provided common proof to support a class-

wide judgment as to liability. . . . As there is no common proof of misclassification in this case, there is no basis to adjudicate class-wide misclassification and the result is that individualized issues predominate over common ones." *Marlo*, 251 F.R.D. at 485. For the reasons explained *infra*, that conclusion was not an abuse of discretion.

[4] Marlo contends that he satisfied his burden of establishing predominance by submitting evidence of UPS's centralized control, and uniform policies and procedures. But a blanket exemption policy " 'does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties.' " *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009) (citation omitted). Specifically, the existence of a policy classifying FTS as exempt from overtime-pay requirements does not necessarily establish that FTS were misclassified, because the policy may have accurately classified some employees and misclassified others.

[5] To the extent Marlo argues that UPS's policies and procedures establish sufficient evidence of predominance, his argument still fails. Marlo asserts that the district court had before it various documents explaining activities that FTS are expected to perform, and procedures that FTS should follow in issuing staffing assignments and training hourly employees. Even assuming that those documents establish that UPS's policies and procedures apply to all FTS, however, Marlo has not explained how they establish predominance as to these particular exemptions. In particular, the fact that UPS expects FTS to follow certain procedures or perform certain tasks does not establish whether they actually are "primarily engaged" in exempt activities during the course of the workweek, Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(e) & (2)(f), or whether they "customarily and regularly exercise[ ] discretion and independent judgment," *id.* § 11090(1)(A)(2)(b). *Accord Donovan v. Burger King Corp.*, 675 F.2d 516, 521-22 (2d Cir. 1982) (noting that the defendant's detailed policies and proce-

dures did not foreclose the exercise of discretion by employees).

[6] Nor, contrary to Marlo's assertion, did the district court err in requiring a week-by-week determination of exempt status. IWC Wage Order No. 9 states that in determining whether an employee is "primarily engaged" in exempt work, "[t]he work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work . . . shall be considered." Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(e). California courts have construed this requirement to mean that "[u]nder California law, the Court must determine whether any given class members (or all the class members) spend more than 51% of their time on managerial tasks *in any given workweek*." *Dunbar v. Albertson's, Inc.*, 47 Cal. Rptr. 3d 83, 86 (Cal. Ct. App. 2006) (emphasis added). Therefore, the district court did not incorrectly apply California law by requiring a week-by-week showing of work the FTS actually performed.

[7] Marlo's remaining evidence similarly does not support predominance. Marlo relied, in part, on an annual employee survey conducted by UPS, but did not establish that UPS followed a reliable methodology in conducting the survey or that the survey was limited to FTS. Nor did he clarify whether respondents who self-identified as "supervisors" were necessarily FTS in the purported class. He also relied on a telephone survey of 160 FTS, and his counsel represented to the district court that the survey would provide common evidence, but the survey's designer stated in her deposition that she did not know whether the sample was representative. As the district court concluded, "Given its methodological and design problems, the [telephone] survey cannot qualify as common proof of misclassification because it is unrepresentative, unreliable, and has essentially no probative value." *Marlo*, 251 F.R.D. at 486. Moreover, "[t]he declarations and deposition testimony of FTS submitted by the parties suggest

variations in job duties that appear to be a product of employees working at different facilities, under different managers, and with different customer bases." *Id.* Based on Marlo's evidence, the district court did not abuse its discretion in concluding that individual questions would predominate.

Marlo also argues that the district court abused its discretion in weighing the merits of the case. That contention mischaracterizes the district court's order. As the court noted, although it could not "weigh the evidence or otherwise evaluate the merits of a plaintiff's class claim," it could "compar[e] the class claims, the type of evidence necessary to support a class-wide finding on those claims, and the bearing of those considerations on Rule 23 certification." *Id.* at 481 n.2. That is a correct statement of law. *See Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983) (noting that although a decision on the merits is improper at the class-certification stage, some inquiry into the substance of a case may be necessary to determine whether commonality and typicality requirements are met).

**[8]** The district court did not weigh the merits of the claim. It evaluated the surveys on which Marlo relied not to determine whether supervisors were exempt or non-exempt from overtime-pay requirements, but to determine whether the surveys could support a class-wide finding regarding certification. It evaluated Marlo's remaining evidence for the same purpose, noting that testimony by individual FTS similarly did not support a class-wide determination. In so doing, the court did not improperly weigh the merits of the claim. We hold that the district court did not abuse its discretion in decertifying the class.

Each party shall bear its own costs on appeal.

**AFFIRMED.**

FILED

NOT FOR PUBLICATION

APR 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MARLO, an individual,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC., a corporation,<br><br>    Defendant - Appellant. | No. 09-56196<br><br>D.C. No. 2:03-cv-04336-DDP-RZ<br><br>MEMORANDUM[*] |
| MICHAEL MARLO, an individual,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC., a corporation,<br><br>    Defendant - Appellee. | No. 09-56206<br><br>D.C. No. 2:03-cv-04336-DDP-RZ |

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| MICHAEL MARLO, an individual,<br><br>     Plaintiff - Appellee,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC., a corporation,<br><br>     Defendant - Appellant. | No. 09-56451<br><br>D.C. No. 2:03-cv-04336-DDP-RZ<br>Central District of California,<br>Los Angeles |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES,[**] District Judge.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. In a separate opinion published contemporaneously, we hold that the district court did not err in decertifying the class. Here, we affirm the district court's denial of UPS's motions

---

[**] The Honorable Robert C. Jones, United States District Judge for the District of Nevada, sitting by designation.

2

for judgment as a matter of law (JMOL) and a new trial; grant of Marlo's motion for restitution and prejudgment interest; and award of attorneys' fees to Marlo.

First, we affirm the denial of UPS's motion for JMOL. "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Ostad v. Or. Health Sci. Univ.*, 327 F.3d 878, 881 (9th Cir. 2003). As to the executive exemption, however, the evidence permits the jury's conclusion that Marlo's duties as a hub supervisor did not "involve the management of the enterprise in which [he was] employed or of a customarily recognized department of subdivision thereof." Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(a). Similarly, the evidence permits a conclusion that Marlo's work as a preload supervisor did not require that he "customarily and regularly exercise discretion and judgment" or be "primarily engaged in duties which meet the test of the exemption." *Id.* § 11090(1)(A)(1)(d), (e). As to the administrative exemption, the jury could have concluded that Marlo's work as a hub supervisor did not require that he "regularly and directly assist[] an employee employed in a bona fide executive or administrative capacity"; "perform[] under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge"; or "execute[] under only general supervision special assignments and tasks." *Id.* §

3

11090(1)(A)(2)(c)-(e). Because the evidence supports the jury's verdict, UPS is
not entitled to JMOL.

We similarly affirm the denial of UPS's motion for a new trial. The district
court did not abuse its discretion in responding to a jury note by referring the jury
to the court's previous instructions. *See Arizona v. Johnson*, 351 F.3d 988, 993-97
(9th Cir. 2003). Nor did it err in denying UPS's motion to reopen discovery, a
decision that falls within the "wide latitude" afforded district courts in controlling
discovery. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.
2002) (citation and internal quotation marks omitted).

We also affirm the district court's decision granting Marlo's motion for
restitution and prejudgment interest. UPS's sole argument in support of this claim
is that the verdict was not supported by the evidence, an argument we have already
rejected.

Finally, the district court did not err in awarding Marlo attorneys' fees.
Although the motion was untimely filed and Marlo did not make a formal motion
for an extension of time, the district court treated Marlo's post-deadline request as
a motion, and UPS's response indicates that it was on notice that a motion was at
issue. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990). The
district court properly considered whether Marlo's motion was untimely filed

4

"because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), evaluating the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). Having properly considered and weighed those factors, the district court did not abuse its discretion in considering the motion. *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc).

Nor did the district court err in calculating attorneys' fees. The district court reduced the lodestar to account for Marlo's unsuccessful individual claim and his failure to achieve class certification. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). Moreover, Marlo succeeded on the majority of his individual claims, and the district court noted that it decertified the class because "then-counsel had proffered an approach that was fundamentally flawed in its presentation of classwide proof," not because "the case could under no circumstances proceed as a class action," and that it had since proceeded as "something of a bellwether' case for the numerous individual cases brought by former class members." Given the case's unique history and posture, the district court did not abuse its discretion in calculating attorneys' fees.

Each party shall bear its own costs on appeal.

**AFFIRMED.**

5